HESS *v.* CITY OF CANTON.

(Decided October 18, 1933.)

*Mr. H. H. Emmons,* for plaintiff in error.

*Mr. Russel H. Mack,* city solicitor, and *Mr. Earl T. Shadrack,* for defendant in error.

SHERICK, P. J.   Aubrey E. Hess, the plaintiff below, complains in this court of the action of the trial court in sustaining the city's demurrer to his amended petition and in entering judgment thereon against him. The question made, therefore, is: Does this pleading state a cause of action? The essential averments may be summarized as follows:

That the city of Canton, by virtue of its ordinances, has been and is maintaining a sewage plant, and that an office has been created therewith, known as chief chemist, whose salary is fixed at $4,000 per annum.

That immediately prior to April 12, 1932, the city was without a chief chemist, as required by law, and no competent person was acting as such, and the public health of the community was not being protected; that by reason of this omission, and by virtue of Sections 1237 and 1240-2, General Code, the state department of health made and issued orders, oral and written, to the city, through the medium of its director of public service and its mayor, to employ some suitable and qualified person during the emergency to perform the duties of the office, in part or full time, as the exigencies of the case required and the financial condition of the city would permit, and at the same time the state

department submitted a list of names to the director of persons suitable for such employment, the plaintiff's name included therein.

The director, with the approval of the mayor, immediately complied with the departmental order by temporarily employing the plaintiff to fill the vacant post. His employment was agreed to be for three days each week at $10 per day. The plaintiff accepted employment and labored for thirty-seven days, and his name appeared on the city's pay roll during said period.

He further avers that an urgent necessity existed for the protection of the general health of the city, and that he was temporarily filling a vacancy as chief chemist, which office demanded exceptional qualifications of a professional character, which he possessed, and that during his employment no other person was employed, or attempted to perform the duties of the office. It is further averred that the city had appropriated funds for paying a chief chemist, and that such moneys were in the treasury, or in the process of collection, and that the sum of $370 was due him, for which he prays judgment.

The city maintains that the trial court was right in its conclusions, for several reasons: First, in that the petition does not aver that his salary was fixed by act of council, as provided by Section 4214, General Code, but that such was in fact fixed by the director, and that this was contrary to law, and the city auditor was without authority to issue his warrant therefor.

The second reason advanced is that the director was without power to make such an appointment; that Section [486-14] 484-14, paragraph 2, General Code, places this power exclusively in the city civil service commission, and this power cannot be delegated. It is further contended that paragraph 2 only permits appointment by the appointing authority of a qualified person, without examination, after the commission has suspended

the provisions of the Civil Service Act. The city points out that it is not averred that the commission ever took any such action, and hence his employment was for this reason contrary to law.

The further claim is advanced that the petition does not state that the plaintiff was a regular employee of the city, and that consequently he must come within the provision of General Code, Section 5625-33, and cannot maintain this action without averring that he had procured the certificate of the city auditor, as therein provided.

It is apparent that we here meet a situation wherein, seemingly, statutes are in conflict. We must, therefore, be and are mindful of the rule that we must reconcile them, if possible, and give expression to the express provisions of each. We likewise are cognizant of the further rule of statutory construction that general provisions must give way to special provisions that provide a modification of the general law in a particular selected situation. And keeping these rules in mind, we find little difficulty in solving the problem presented.

It is generally provided in Section 1237, General Code, that the state department of health may do certain things: "It may make and enforce orders in local matters when emergency exists, or when the local board of health has neglected or refused to act with sufficient promptness or efficiency, * * * In such cases the necessary expense incurred shall be paid by the city, village or township for which the services are rendered."

Further on in this chapter of the Code it is provided in Section 1240-2 that: "The state department of health shall exercise general supervision of the disposal of sewage and industrial wastes and the operation and maintenance of works or means installed for the collection, treatment or disposal of sewage and industrial wastes. Such general supervision shall apply to all features of construction, operation and maintenance

of such works or means which do or may affect the proper treatment or disposal of such sewage and industrial wastes * * * whenever deemed necessary by the department and whenever requested to do so by local health officials; and may adopt and enforce orders and regulations governing the operation and maintenance of such works or means * * *.''

In these provisions we find warrant and authority for interference by the state board of health in a city's manner of disposing of its sewage. A local board of health, or other city officials, may feel that, if the city's sewage is drawn outside the city limits, they need be no longer concerned with its disposition. The state board of health, however, may take a broader view, in that the public health of adjoining communities may be affected by such indifference. To meet such a situation the Legislature, no doubt, sought by these and kindred sections to correct such practices. It therefore provided that, if such an emergency should exist, the state board might act by proper order, and the expense incident thereto be borne by the city for which the services were rendered.

It may, therefore, be concluded that a city may be compelled to perform its health duties that are for the benefit of the public health generally, and to pay for such service, even though it is unwilling to do so, and it cannot avoid paying the cost thereof by standing behind such statutes as are here called upon to escape liability. The general law on municipal expenditure in such case must give way to the special act for the public good.

And now considering the validity of the plaintiff's appointment or employment, and keeping before us the fact that this is not a mere matter of temporarily filling a vacancy, but an emergency, as is admitted by the demurrer, we entertain the view that the litigants entirely overlook the provisions of paragraph 1 of Section [486-14] 484-14, General Code. Paragraph 2

thereof pertains to the filling of a vacancy in the classified service. It permits the filling of such a vacancy, where peculiar and exceptional qualifications of a scientific character are required, without resort to a competitive examination, if the civil service commission suspends the provisions of the statute.

We would again repeat that the present situation is not a matter of a vacancy. The first paragraph of Section [486-14] 484-14, General Code, has to do with urgent reasons for filling a vacancy in the classified service. It provides for provisional appointments which shall continue for a period of ninety days. Further on in this section a different contingency is contemplated. The statute reads: "In case of an emergency an appointment may be made without regard to the rules of this act, but in no case to continue longer than thirty days * * *."

Now, this being an admitted emergency, the service director had the power to employ the plaintiff for thirty days, and the civil service commission had nothing to do therewith, for it has no power of appointment. We here again find an exception to the civil service rules, or a special provision therein contained, in which the commission is to play no part.

It is therefore our conclusion that the director of service had the power and authority under the special exceptions to the general rules to make the temporary appointment necessitated by the acknowledged emergency, and that the amended petition does state a cause of action. The city is not harmed by the appointment, and is, in fact, benefited by the services rendered, and received by it, at a price less than that fixed by the salary ordinance.

But one further feature of the case remains to be considered. Paragraph 1, of Section [486-14] 484-14, General Code, provides that a maximum appointment cannot be made for a longer period than thirty days.

The plaintiff can, therefore, not recover for the services performed in excess of thirty days.

It is therefore the judgment of this court that the judgment be reversed, and the cause remanded.

*Judgment reversed and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.